Good morning. Thank you, Your Honor. Thanks for your support. My name is Brian Schott. My partner, Chris Modlich, and I are supervised law students for Boston College Law School, appearing under the supervision of Kari Hong, Miss Union and Counsel Table. We represent Petitioner Armando Ventura. With leave of about four hours, I wish to reserve two minutes for my partner to provide rebuttal. Thank you, Your Honor. The PIA made three errors. First, California fractions are not convictions under immigration law. Where there is no right to a jury trial, no right to an attorney, and no future consequences of an adjudication, it is not a genuine criminal proceeding under Islamazar. Of the former Arab Islamazar factors, California fractions only meet one, the burden of proof. Two circuits recognized that Islamazar is a multi-factor test. And in an analogous context, the Third Circuit, a PCO, analyzed New Jersey's disorderly persons offense, which also only had Islamazar's burden of proof factor. The Third Circuit held that beyond a reasonable doubt standard cannot be a dispositive factor in turning a civil proceeding into a criminal one. There is no reason for this court to depart from the PCO. Now, the government's best argument is that Mr. Ventura had a choice to get the protections of a jury trial and of public counsel through elevating his proceedings to a misdemeanor. But whatever rights exist in a separate proceeding cannot cure the defects of the diffraction proceeding. Further, it's not a meaningful choice because electing a misdemeanor exposes a defendant to prison time and his conviction being a strike, whereas an infraction only has a maximum punishment of a $250 fine. And under Patterson, it isn't an informed choice because 1016.5 exempts defendants in infraction proceedings from receiving immigration consequence advisers. Second, California's 484 Varsity offense is overbroad. In Diaz-Lizarraga, the BIA draws a line between intended takings that are permanent or substantially erode the value of property and what it calls de minimis takings, which are not CIMTs. This is the MTC definition of varsity. Since at least 1894, however, California has followed the common law's more expansive intent standard, which includes deprivations that present only a risk for loss. California's varsity intent requirement does not require any intended loss. In Anthony H., a teenager put on his stepfather's new shoes, which were a size too small, and he wore them outside. He never intended any loss to occur. In fact, the stepfather went on to return those shoes for full economic value. But these factors were enough to support varsity because, the court said, they, quote, created a substantial risk, end quote, that the stepfather would be deprived of the value of those shoes. California's varsity intent standard thus criminalizes the precise de minimis taking excluded from Diaz-Lizarraga. These are all just assertions, but were they just presented to the BIA? Mr. Ventura did not make these arguments to the BIA, but the BIA did address 484 on the merits. This court said in Kim v. Holder that when the BIA considers the, quote, argument on its substantive merits, end quote, exhaustion is met. The BIA, while acknowledging that Mr. Ventura's lawyer erroneously did not contest that 484 was a match, nonetheless analyzed the issue. It cited this court's opinion and dispute of truths to support its conclusion and recognized that the IHA, quote, properly found, end quote, that the convictions were CIMTs. So the BIA had noticed. The question of whether a state statute is a CIMT is. But the IHA had noticed that there might be an issue raised in respect to that. And what it is that you really have noticed along the way, quite ingenious arguments that you made here today, Mr. Ventura. That is true, Your Honor. But the dispute of truths insight is this court's opinion that 484 was a categorical match to a CIMT. And so Mr. Ventura submits that this is a consideration on the merits by citing to this court's question. The third issue is that the term CIMT is weird for vagueness because the generic definition points to elements that are consistent or knowable. Now, Congress's failure to define a term in the INA is not a fatal flaw for the CIMT definition. In Taylor, Congress did not define burglary, but the Supreme Court created a generic definition that was consistent with the elements of common law. It's a definition that has not changed, and we have no reason to suspect that it will. We already know that it's not going for vagueness. Yes, Your Honor. And there is. Are we followed by that? Because this court's opinion and the Supreme Court opinion and Jordan focus on conduct. But Johnson, Taylor, and Mathis are all intervening doctrinal developments that require courts to focus on elements rather than conduct. The proof that that— Have we said that? Sorry? Have we said that, that that changes the whole of it? Did the Supreme Court change the entire analysis? I don't know that this court has said that. I'm not sure. But I think that this court has recognized that the categorical approach is of substantial change. In fact, Judge Owens in Ortega-Lopez said that, quote, almost every term the Supreme Court issues a new decision with slightly different language that forces federal judges, litigants, lawyers, and probation officers to hit the reset button once again, end quote, in determining whether a fine is a CIMT. So this court has acknowledged that the Supreme Court opinions are substantial changes. Your argument is that we should write new decisions, but we should say that everything that we've ever said with respect to crimes of moral interpretation applies up to the Supreme Court's putting in emphasis on a different syllable, let's call it. Yes, Your Honor. Ultimately, this court only has to agree with us on one of our three issues, the others being infractions and 484's overbreadth to grant our peace. And so if those are alternate ways of resolving this case, if the court has no further questions on those other issues, I wish to reserve the balance of my time. Thank you. Thank you, Your Honor. Good morning. May it please the Court, William Minnick representing the respondent. First, California infractions are convictions for immigration purposes because the burden of proof is beyond a reasonable doubt. California treats infractions as crimes, and the constitutional protections are afforded. Second, under this court's precedent in Castillo-Cruz, theft under section 484 is categorically a crime involving moral interpretation. In third, the Supreme Court has held that the term crime involving moral interpretation is not a void of forbiddenness. You know we have said over and over that it's kind of difficult to figure out what it really means. It's true, Your Honor. The court has observed that frequently, but no court has gone so far as to say that the justice is constitutionally vain. In fact, the majority decision is older, but courts have consistently applied it more recently, even to a kind of internal fraud. Is the argument in the case, is it lame with respect to this statute? I mean, compared to this kind of crime that it's called an infraction, it's void of forbiddenness. Not with respect to, you mean with respect to section 484, Your Honor? Not that I'm aware of. The cases that I cited on page 45 of my brief, certain courts have probably insured to reject this argument. They're not the fraud cases. Dominguez-Palito was burglary. Garcia-Menza was battering. Zutado was theft. And Valeta was failing to remain at the scene of an accident. So the courts have applied this to cases beyond folks who are convicted of underlying crime, false fraud. In terms of the infraction issue, the court here found that the lower California infraction is the conviction for immigration purposes. Three different reasons. Burden of proof. The fact that California treats infractions as crimes, and the constitutional protections afforded. In California, judges in infraction proceedings have authority to enter judgments of guilt and have the authority to impose punishment in the form of a fine. And in fact, the California Penal Code, section 1948, specifically refers to the fine as a punishment. It says, except in cases where a different punishment is prescribed, every offense declared to be a fraction is punishable by a fine of $250. So it explicitly refers to these fines as punishments, as opposed to a simple fine. The defendant in an infraction proceeding is required to be advised that he has a right to a jury trial in counsel. That's an appeal versus smoothing case that the board cited. In that case, in the infraction proceeding, the judge had specifically advised the defendant that he did not have a right to a jury trial or appointed counsel. And on appeal, the court said that was error, that he should have been advised that he has a right to a jury trial. And appointed counsel if he elected misdemeanor proceedings. So the defendant does have the constitutional protection is present in infraction proceedings. Even if he had a jury trial, whatever, in a misdemeanor proceeding, the point is that the infraction proceedings themselves have that constitutional safeguard because the bias rule is mandatory. Excuse me. The defendant has the right to appeal the conviction. He has the right to subpoena witnesses' documents. Subpoenas are justifiable evidence for prosecuting witnesses. And last but not least, infraction proceedings are actually referred to by California courts in the Penal Code itself. In the 48, or the 48 jailers that petitioner filed, they have identified a portion of the California Penal Code that provides that the immigration advisors are not required in infraction proceedings, although they are in felony misdemeanor trials. And I would just like to point out that here, Mr. Ventura did actually receive the immigration advisers. And each time, it is the 95-2000 case, recorded 249, and recorded 253. So, in appeal, I mean, I'm referring to the argument that I think the immigration advisors are not required by the California Penal Code to be given in infraction proceedings, although they are in felony misdemeanor proceedings. And I would just like to point out that here, Mr. Ventura did receive the immigration advisors. So it seems that even if it's not required by the Penal Code, as a matter of practice, the California courts do give those advisers in infraction proceedings. And it's either recorded in 249 or recorded in 253. I take it the California legislature hasn't amended their statute for that, correct? It doesn't even have that word, Your Honor. Is it just irrelevant that they aren't required? I'm not aware of the nature of the objection. I mean, I think the test is whether California considers or whether there are genuine criminal proceedings under California law. I think whether the advisers are required to be given,  I mean, admittedly, infractions are minor criminal offenses. It's not a requirement that to be a conviction for immigration purposes that infraction proceedings are treated independently to felony or misdemeanor proceedings. They're admittedly minor offenses. So they're going to be treated differently. So we would say it's not as positive. And in any event, it appears based on the record of the practices to give advisers in infraction proceedings. I'd like to address the California Section 44 argument. This Court has already found that California Penal Code Section 44 is categorically a crime involving moral turpitude. It can still vote through this case and the case it's cited therein. It's published in precedence. And it's binding on this Court.  I think that by that case, even if... That's the most relevant Supreme Court pronouncement. You could change that. Our law is that if the Supreme Court changes the analysis, then we are free to reconsider our authority in the Supreme Court decisions. The argument is that the Supreme Court has changed the landscape here. What's your response to that? In terms of whether Section 44 is a crime of moral turpitude? I mean, to the extent they're relying on cases like Discamps or Manifest or Rendon, those cases all address divisibility, which is Step 2 of the analysis. Step 1 is whether it's a categorical match. If it's not, Step 2 is find divisibility. You identify divisibility. That's what Manifest, Rendon, Discamps, and then maybe you go to the modified categorical approach after that. But since there's binding published precedent on this panel that Section 484 is categorically a crime of moral turpitude, you don't even get to those divisibility cases. So cases like Discamps and Manifest don't affect... So you're saying the Supreme Court hasn't changed the analysis with respect to whether a crime is categorically a crime of moral turpitude? Correct, Your Honor. So we can see you're backed up by Costello-Cruz. Although, if you feel you're not backed up by Costello-Cruz, I think it's appropriate that you remand the case to the Board because the Board understandably relied on Costello-Cruz and is controlling precedent on each side of the case and nothing of that, understandably. So it didn't have occasion to address the particular arguments that Petitioner's made in this case. Unless there are additional questions, we ask the Court to deny the petition. Any further questions? No. Thank you, Your Honor. Thank you. I have two quick points. Would you state the name of the felon who caused all this? On the issue of infractions being classified as a crime under California law, the Rubin argues that California does, in fact, explicitly classify infractions as crimes. However, there is no California statute that does, in fact, explicitly classify penal-coded infractions as crimes. There's further discussion of this in our reply brief under pages 20 through 21. Additionally, the case of people we battle explicitly describes infractions as, quote, non-criminal offenses, end quote. On the issue of plaintiffs. So you treat them as crimes, though they give them all the trappings that a criminal defendant would be entitled to as the argument is that it is a crime? No, we disagree with that. When right to counsel? Well, there is no right to an attorney or right to a jury trial in infraction proceedings themselves. These protections are only available if the defendant chooses to elevate his infraction to a misdemeanor. However, this is not a meaningful choice because elevating a misdemeanor exposes the defendant to prison time and his convictions being a strike, as opposed to an infraction with the worst possible outcome, the $850 fine. And further, it's not an informed choice because Pen 16.5 expressly exempts infractions from receiving immigration-consequence advises. But you said you don't require it. If infractions in California do it, you do it. Does that solve the problem? Possibly, Your Honor. But the government has provided no support to the state. California does routinely provide these advises. The statutory section expressly exempts infractions from receiving these advises. So it's possible. It's true that your client was given the advises. That's true, but the question ultimately is whether infraction proceedings in general are considered crimes under California law. So I think that the statutory section speaks to that. And third, stacking on the issue of fakeness, we can see that the BIA has tried to narrow the CIMT offense to three categories, assault, fraud, and theft offenses. But these three categories have no consistent elements to sort out what is in and what is out. Assaults require specific intent until the BIA in Franklin said that general intent was enough. As noted by Judge Posner, false statements were categorical CIMTs until Judge Monteirado's false statements on an employment application were not. And finally, as we saw in this case, since 1947, Marcia CIMTs have excluded all temporary takings until November 2016, when the BIA announced that temporary takings of substantial erosion of value are enough. In all instances, there is no court. The goalposts keep moving and are designed to keep moving. And then finally, my last point, I just want to remind the court that we are asking its court to hold three different points, that California infractions are not convictions, that 44 is overbought and indivisible to the generic CIMT offense, and that the CIMT term is impermissible to make. The court only has to agree with this one. Thank you very much. Thank you.
judges: Schroeder, Rawlinson, Stafford